IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEMARIO D. WALKER, L1625**                                **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO. 3:14CV71 HTW-LRA**

**MICHAEL WHITE**                                                **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Demario D. Walker[1] seeks federal habeas relief under 28 U.S.C. § 2254. Respondent Michael White filed a Response to the petition wherein he asserts that Walker is not entitled to federal habeas relief because his claims are unexhausted and procedurally barred. As a thorough review of the case supports the Respondent's contention, the Court recommends that the petition be dismissed.

Petitioner Walker, an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), presently confined, upon information and belief, at the South Mississippi Correctional Institution in Leakesville, Mississippi, ("SMCI") has filed several petitions for habeas relief.[2] The very convoluted petition now before the Court appears to stem from a 2003 probation revocation ordered by the Circuit Court of Marion County, Mississippi. Walker was sentenced pursuant to a revocation on February 28,

---

[1] Walker has filed several petitions for habeas relief in this Court. *See Walker v. Caskey*, No. 2:10CV176-KS-MTP, 2013 WL 4777312 (E.D. Miss. Sept. 5, 2013); *Walker v. King*, No. 5:08CV333- DCB-MTP, 2010 WL 1949547 (W.D. Miss. May 13, 2010); *Walker v. Holman*, No. 2:12CV92-KS-MTP, 2013 WL 4009190 (E.D. Miss. Aug. 5, 2013); *Walker v. King*, et. al, No. 2:05CV395-KS-MTP (S.D. Miss. July 29, 2008).

[2] Mail sent to Petitioner at his last given address has been returned as undeliverable since April 29, 2014. No change of address has been filed by Walker since March 31, 2014.

2003, after violating certain terms and conditions of his parole.[3] He has since been paroled and revoked on several occasions. Prior to filing the instant petition, he was last "returned from parole" on November 22, 2013, following an arrest for false pretense.[4]

On January 22, 2014, a preliminary revocation hearing was held at the Rankin County Jail, where Walker was housed at the time. The evidence presented at the hearing was as follows:

> . . . On or about 10/07/2013, offender Walker passed a check numbered 1099 in the amount of $11,035.00 on a closed Wells Fargo account # 7116919445 with the intent to cheat and defraud Pop's Auto Sales, LLC of a 2005 Chrysler 300 Touring automobile that was silver in color with the V.I.N. 2C3AA53G65H636579 and valued at approximately $11,035.00. On or about [11/19/2013],[5] offender Walker was located, arrested, and charged by law enforcement personnel with the felony crime, False Pretense (over $500.00, 97-19-39).[6]

According to the preliminary revocation hearing report, the hearing officer found "sufficient reasonable cause to hold the offender for a formal revocation hearing by the Mississippi Parole Board."[7] On January 31, 2014, the Mississippi Parole Board issued a

---

[3] Walker maintains in his petition for habeas relief that he was sentenced to 8 years, 6 months, and 21 days. It appears that Walker is referring to the amended sentence imposed by the Marion County Circuit Court on February 3, 2003, modifying his initial 10 year sentence for attempted uttering forgery. See King, No. 2:05CV395-KS-MTP, ECF No. 44. However, as noted supra, Walker violated his probation less than three weeks later, and the Marion County Circuit Court revoked his parole on February 28, 2003.

[4] ECF No. 16-1, p. 3.

[5] Although the date of arrest is listed in the probation revocation report as November 19, 2014, this appears to be a typographical error.

[6] ECF No. 16-4.

[7] ECF No. 16-4.

warrant to retake Walker into custody, following his conviction on two counts of false pretense.[8] At a parole revocation hearing held on February 20, 2014, in which Walker was present, the Parole Board revoked his parole, but found that Walker had "served sufficient time for [this parole] violation," and re-paroled Walker pending a detainer in another county.[9]

Prior to the parole revocation hearing, Walker filed the initial petition for federal habeas relief in this cause on January 29, 2014, (signed January 18, 2014). On February 25, 2014, this court entered an order directing Petitioner to file an amended petition in the form and manner prescribed by the *Rules Governing Section 2254 Proceedings for the United States District Courts* setting forth his grounds for relief. After the parole revocation hearing, Walker filed an amended petition on March 19, 2014, (signed March 3, 2014) asserting the following as grounds: (1) parole unlawfully revoked; and (2) sentence expired. In support, he made the following arguments (as stated by Petitioner):

    1.    Parole Unlawfully Revoked

> On 11-18-13 Petitioner was arrested on charges of false pretense by the Richland Police Department. Petitioner was not timely afforded a preliminary hearing until 1-22-14 and was not given <u>adequate</u> notice and was not allowed to present evidence or review the evidence against him or allowed to cross-examine witnesses nor was he provided with any written disposition, was not allowed to present evidence at revocation hearing or confront or cross examine witnesses or hear or know the evidence against him, was not provided with

---

[8] ECF No. 16-5.

[9] ECF No. 16-2.

>   written disposition at revocation hearing either.
>
> 2.   Sentence Expired
>
>   On 2/28/03 Petitioner was sentenced to 8 years 6 months 21 days. That sentence has expired. The Petitioner is still being held in custody on the Marion County uttering forgery-attempt charge.[10]

Respondent argues that Walker's petition cannot be considered on the merits because he has procedurally defaulted his claims due to his failure to exhaust his state court remedies. Walker does not dispute that his claims are unexhausted, nor does he offer any argument to overcome his procedural default or respond in any way.

To the extent Walker challenges alleged pretrial violations or his continued confinement pursuant to the parole board's decision, applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[11]  *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy

---

[10] ECF Nos. 1, 6, 10, pp. 5, 7.

[11] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

   (A)   the applicant has exhausted the remedies available in the courts of the State; or
   (B)(i)   there is an absence of available State corrective process; or
      (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
            . . . .
(c)   An applicant shall not be deemed to have exhausted the remedies available

the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

In the present case, the docket as reflected on the Mississippi Supreme Court's website, shows that Walker has filed dozens of appeals since 2003, challenging his sentences and revocations for other violations. The MDOC website reflects that Walker is currently serving multiple sentences imposed from multiple jurisdictions. However, there is no record of Walker filing an appeal challenging his arrest or the parole board's findings in this case. No findings are reflected on the appeals court's docket between June 2013 and April 2015; and, of those filed after Walker's arrest in November 2013, none can be construed as an appeal of the parole board's decision in this case. Because Walker has never presented the substance of his unlawful revocation claim to the state courts, he has not satisfied the exhaustion requirement of § 2254(b)(1)(A). His failure to

---

in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

exhaust precludes federal review of this claim.

In ground two, Walker contends that he is entitled to habeas relief because his sentence for attempting to utter forgery has expired. In support, he contends that he was sentenced in 2003 to a term of 8 years, 6 months, and 21 days in the Circuit Court of Marion County, Mississippi, Cause No. K01-0335P, but is still being held in custody. While there is no motion for post-conviction relief bearing this cause number in the record before this Court, Respondent has produced evidence showing that on September 6, 2012, Walker filed a motion for post-conviction relief ("PCR") in Marion County Circuit Court Cause No. 2012-0233M, raising this same argument.[12]

On January 28, 2013, the circuit court summarily dismissed Walker's PCR motion in Cause No. 2012-0233M, as successive pursuant to Miss Code Ann. § 99-39-23 (6). In rendering its decision, the circuit court considered all files, records, transcripts, and correspondence, including Marion County Circuit Court Criminal File K01-355P. Aggrieved by the dismissal, Walker appealed the circuit court's decision. On May 23, 2013, the appeal was dismissed by the Mississippi Court of Appeals for failure to pay the costs of appeal.

Petitioners seeking federal habeas relief "must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). By failing

---

[12] ECF No. 16-7, pp. 1-7. Although petitioner also raised an unlawful revocation claim in this PCR motion, the Court notes that the motion predates Walker's revocation in this case.

to pay the costs of his appeal, Walker has not given the state courts one full opportunity to resolve any constitutional issues raised in ground two. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Were he to attempt to do so now, his claim would be deemed procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 736 n.1. (1991) ( procedural default occurs when a prisoner fails to exhaust available state remedies and the "court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

When state remedies are rendered unavailable by Petitioner's own procedural default, or when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)). A federal court may consider the merits of a procedurally defaulted claim if the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quotation omitted). To establish cause, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Walker does not identify any external impediment in this case which caused him to procedurally default his claim that his sentenced has expired. Absent cause, courts need not consider whether the petitioner suffered actual prejudice. *See Rodriguez v. Johnson,* 104 F.3d 694, 697

7

(5th Cir. 1997). Nor does the Court find that Walker has demonstrated that failure to consider this claim on the merits will result in fundamental miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995)). Walker does not contend or provide any evidence that did he not commit the underlying offense. Accordingly, he cannot overcome the procedural default.

For the reasons stated, the Court finds that his petition should be dismissed with prejudice for failure to exhaust available state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 28th day of October 2016.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE